UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LONDON**

| | | |
|---|---|---|
| MARTHA MARIE DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:08-281-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OPINION AND ORDER** |
| SECURITY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*    \*\*    \*\*    \*\*    \*\*

This matter is before the Court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Supplemental Security Income and Disability Insurance Benefits [Record Nos. 10, 11].[1]   The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

I.   **BACKGROUND**

Plaintiff filed for disability benefits on March 8, 2007, alleging an onset of disability of June 10, 2006, due to high blood pressure, diabetes, "nerves," back problems, a hernia, low iron levels, and morbid obesity.   [AR at 87-93, 126.]   Her claim was denied initially and on reconsideration [AR at 64-74].   She then

---

[1] These are not traditional Rule 56 motions for summary judgment.   Rather, it is a procedural device by which the parties bring the administrative record before the Court.

timely requested a hearing.   [AR at 31.]   A hearing on her application was conducted on March 17, 2008, and her application was subsequently denied by Administrative Law Judge ("ALJ") Joan A. Lawrence in a decision dated September 19, 2006.  [AR at 8-16; 37-50.]   Plaintiff timely pursued and exhausted the administrative remedies available to her [AR at 1-3, 5-16.]  This matter is ripe for review and properly before this Court under § 205(c) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff was twenty-seven-years-old at the time of her application.  [AR at 87.]  She has a high school education but no past relevant work experience.   [AR at 14, 40-41.]   During the hearing before the ALJ, Plaintiff testified that she has problems with stairs because, "with [her] weight . . . it wears [her out] . . . [g]oing up and down them."  [AR at 44.]  Again because of her weight, she stated that standing "aggravates [her] legs and stuff, so it wears [her] out."  [*Id.*]  She estimated that she could stand for "anywhere from 30 minutes to an hour, if I sort of walk around wiggling."  [*Id.*]  She also estimated that her ability to sit was limited to 30 minutes or an hour at the most, at which point her back, shoulders, and body would begin hurting.  [*Id.*]  Plaintiff testified, as well, that she goes to church and gets a ride there from neighbors, completes the shopping for her family, and does housework, albeit very slowly.  [AR at 45.]

In materials submitted in support of her application,

Plaintiff estimated that she could walk or stand 1 hour before having to rest and sit for 1 hour before having to change positions. She also averred that she could bend occasionally, lift 5 pounds frequently or occasionally, and reach her arms out and up occasionally. [AR at 144.]

Consulting physician, Dr. Jules Barefoot, who examined Plaintiff on April 30, 2007, did not find obesity-related limitations and his findings were, generally, unremarkable. [AR at 206-213.] He noted Plaintiff's morbid obesity but found her generally able to sit, stand, move about, and lift, carry, and handle objects. [AR at 210.] He found that Plaintiff had no gait abnormality, a full range of motion in all joints, including her lumbar spine, and negative straight leg raising bilaterally. [AR at 209-210.] Indeed, upon a review of the entire Administrative Record, there is no evidence of any treating or examining source that has opined as to any obesity-related limitations as they relate to exertional or nonexertional work-related function.

The ALJ made the following findings in determining that Plaintiff was not entitled to disability benefits:

1. The claimant has not engaged in substantial gainful activity since March 8, 2007, the application date (20 CFR 416.920(b) and 416.971 *et seq.*)

2. The claimant has the following severe impairments: diabetes mellitus; hypertension; obesity; small umbilical hernia; and complaints of anxiety and depression (20 CFR § 416.920(c)).

3. The claimant does not have an impairment or

3

       combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d) and 416.926).

4.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c).

5.    The claimant has no past relevant work (20 CFR 416.965).

6.    The claimant was born on June 30, 1979, and was 26 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

7.    The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8.    Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.960(c) and 416.966).

10.    The claimant has not been under a disability, as defined in the Social Security Act, since March 8, 2007, the date the application was filed (20 CFR 416.920(g)).

[*Id.* at 10, 12, 14-15.] In reaching her decision, the ALJ found that, while "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms," "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms [were] not credible to the extent they [were] inconsistent with the residual functional

4

capacity." [AR at 13.]

Specifically, the ALJ found that, while the claimant was morbidly obese at 380 pounds and 65.5 inches in height, she had provided no evidence "showing that her body habitus/obesity condition impacts in any significant way in her ability to function or carry out work-related activities. No treating or examining source reported obesity related limitations as they relate to exertional and nonexertional work-related function." [AR at 13.]

**II.  OVERVIEW OF THE PROCESS**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

1.  An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

2.  An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

3.  If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.

4.  If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.

5.  If the claimant cannot do any work he did in the past because of a severe impairment, then the

5

> Secretary considers his residual functional
> capacity, age, education, and past work experience
> to see if he can do other work.  If he cannot, the
> claimant is disabled.

*Preslar v. Sec'y of Health and Human Servs*, 14 F.3d 1107, 1110 (6th

Cir. 1994) (citing 20 CFR § 404.1520 (1982)).  "The burden of proof

is on the claimant throughout the first four steps of this process

to prove that he is disabled." *Id.*  "If the analysis reaches the

fifth step without a finding that the claimant is not disabled, the

burden transfers to the Secretary." *Id.*

**III. STANDARD OF REVIEW**

In reviewing the ALJ's decision to deny disability benefits,

the Court may not try the case *de novo*, nor resolve conflicts in

the evidence, nor decide questions of credibility. *Cutlip v. Sec'y*

*of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

Instead, judicial review of the ALJ's decision is limited to an

inquiry into whether the ALJ's findings were supported by

substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter*, 279

F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the

proper legal standards in reaching his conclusion, *see Landsaw v.*

*Sec'y of Health and Human Servs*, 803 F.2d 211, 213 (6th Cir. 1986).

"Substantial evidence" is "more than a scintilla of evidence, but

less than a preponderance; it is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion."

*Cutlip*, 25 F.3d at 286.

**IV.  ANALYSIS**

The issue placed before this Court by Plaintiff is a straightforward one:  whether the ALJ erred in determining that Plaintiff is not disabled because the ALJ failed to consider the effects of Plaintiff's obesity on her ability to work?  In fact, the ALJ did consider Plaintiff's morbid obesity when evaluating her ability to work, specifically stating that:

> [Plaintiff] has not provided evidence showing that her body habitus/obesity condition impacts in any significant way in her ability to function or carry out work-related activities.  No treating or examining source reported obesity related limitations as they relate to exertional and nonexertional work related function.

[AR at 13.]  In other words, the very error of which Plaintiff expressly complains – the ALJ's failure to consider her obesity in evaluating her ability to work – does not exist.  Clearly, the ALJ considered Plaintiff's obesity in evaluating Plaintiff's residual functional capacity.

To the extent that Plaintiff complains that the ALJ failed to properly consider her obesity in determining that Plaintiff had the residual functional capacity to perform medium work, Plaintiff's obesity is relevant only to the extent that she can prove that it affects her ability to work.  *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) ("The mere diagnosis [of a condition], of course, says nothing about the severity of the condition.").  The

7

Administrative Record provides no evidence that any treating physician or examining consultative physician ever concluded that her obesity or any other condition would limit her ability to work. [*See* AR at 169-213, 238-284, 292-313.] While her treating physicians noted her obesity and recommended diet and exercise, none of the medical sources of record identified obesity-related or any limitations, nor did the medical sources even note that Plaintiff complained of such limitations. [AR at 169-205, 239-284, 292-313.] These reports constitute substantial evidence in support of the ALJ's conclusion that Plaintiff does not suffer from disabling limitations as a result of her obesity.

Plaintiff suggests, however, that the ALJ erred in failing to appropriately consider her own testimony regarding physical limitations resulting from obesity and that her testimony constitutes substantial evidence in support of her contention that she is disabled as a result of her obesity. [Plaintiff's Br. at 2.] The ALJ expressly considered her subjective complaints [AR at 10] and found them to be incredible. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) ("[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider [her] credibility . . . when making a determination of disability.") Credibility determinations regarding subjective complaints rest with the ALJ, *see Sitterlet v Sec. of Health and Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987), and the ALJ's

8

conclusions should be highly regarded.  *See Bradley v. Sec'y of Health and Human Servs.*, 862 F.2d 1224, 1227 (6th Cir. 1988).  In this instance, the ALJ considered not only the absence of limitations recorded in the medical evidence of record, but also evidence of record that indicates that Plaintiff attends church and other social functions, takes care of her home, and shops for the household.  Further, Plaintiff reported to her physicians that she walked one to two miles daily [AR at 172-74, 277], which is inconsistent with her claim that her obesity renders her completely disabled.  *See* 20 C.F.R. § 416.929(c)(3)(I) (noting evidence of daily activities is probative as to the severity of a claimant's symptoms).  The Court sees no reason why it should not respect the ALJ's conclusion as to the credibility of Plaintiff's own subjective complaints of limitations imposed by her obesity.

Perhaps cognizant of the flaws in her theory on appeal, Plaintiff sums it up best:

> The claimant's obesity is well documented.
> The effect that obesity has on her ability to
> work is not.

[Record No. 10 at 3.]  There is no need to remand this matter for additional development and assessment because the ALJ properly considered the evidence of record in reaching her decision.  Having determined Plaintiff's own testimony concerning limitations on her ability to work imposed by her obesity to be incredible and finding no other evidence of obesity-related restrictions in the records of

9

the various treating and examining consultative physicians, the ALJ did not err in concluding that Plaintiff had the residual functional capacity to perform medium work and that she is not disabled.

For the foregoing reasons, **IT IS ORDERED:**

(1)  That the Commissioner's motion for summary judgment [Record No. 11] shall be, and the same hereby is, **GRANTED.**

(2)  That the plaintiff's motion for summary judgment [Record No. 10] shall be, and the same hereby is, **DENIED.**

This the 29th day of April, 2009.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge

11